## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| HSIAO LUNG LEE, | DOCKET NUMBER |
| Appellant, | SF-0752-24-0433-I-1 |
| v. | |
| DEPARTMENT OF HOMELAND SECURITY, | DATE: July 30, 2026 |
| Agency. | |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

James Solomon, Esquire, Tampa, Florida, for the appellant.

Joey Ann Lonjers, Esquire, Andrew V. Sperry, Esquire, and David Malone, Esquire, Long Beach, California, for the agency.

### BEFORE

Henry J. Kerner, Vice Chairman
James J. Woodruff II, Member

### FINAL ORDER

The appellant has filed a petition for review of the initial decision, which dismissed his challenge to a last chance agreement (LCA) for lack of jurisdiction. For the reasons set forth below, the appellant's petition for review is DISMISSED as untimely filed without good cause shown. 5 C.F.R. § 1201.114(e), (g).

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. See 5 C.F.R. § 1201.117(c).

**BACKGROUND**

The appellant was employed by the agency as a GS-1895-12 Customs and Border Protection Officer at Los Angeles International Airport. Initial Appeal File (IAF), Tab 1 at 1, Tab 5 at 70. The agency removed him from his position pursuant to the terms of an LCA, effective March 19, 2024. IAF, Tab 5 at 72-73. The appellant filed the instant appeal challenging his removal. IAF, Tab 1. On June 2, 2025, the administrative judge issued an initial decision dismissing the appeal for lack of jurisdiction. IAF, Tab 14, Initial Decision (ID) at 1, 32.

On July 31, 2025, the appellant filed a petition for review. Petition for Review (PFR) File, Tab 1. The petition included a Motion to Accept Late Filing. *Id.* at 5. He filed supplements to his petition for review on August 1, 2025. PFR File, Tabs 2-3. On August 12, 2025, he filed a motion for leave to file a supplemental pleading. PFR File, Tab 7. The agency submitted a response to the petition for review on August 25, 2025, and the appellant submitted a reply brief on August 27, 2025. PFR File, Tabs 10-11.

**DISCUSSION OF ARGUMENTS ON REVIEW**

On August 12, 2025, the appellant filed a motion for leave to file a supplemental pleading. PFR File, Tab 7. He asserts that the supplemental pleading "is necessary to correct and clarify key aspects of" the agency's pre-LCA investigation, the LCA, his removal, "and to present additional penalty mitigation evidence under *Douglas v. Veterans Administration*, 5 M.S.P.R. 280 (1981)." *Id.* at 4. He argues that the supplemental pleading is also necessary because his attorney "failed to present several key arguments and evidence in the Petition for Review." *Id.* The issues addressed in the motion are largely unrelated to the untimeliness of his petition for review and the administrative judge's dismissal of the appeal for lack of jurisdiction. *Id.* at 4-6. To the extent that they are related, we deny the motion because he has not shown that they are based on new and material evidence not previously available despite his due

diligence.  *See Banks v. Department of the Air Force*, 4 M.S.P.R. 268, 271 (1980).

The administrative judge issued the initial decision on June 2, 2025. ID at 1.  A petition for review must be filed within 35 days after the issuance of the initial decision or, if the petitioner shows that the initial decision was received more than 5 days after the date of issuance, within 30 days after the date the petitioner received the initial decision.  5 C.F.R. § 1201.114(e).  If the petitioner is represented, the 30-day time period begins to run upon receipt of the initial decision by either the representative or the petitioner, whichever comes first.  *Id.*  The appellant did not file his petition for review until July 31, 2025, which was 59 days after the initial decision.  ID at 1; PFR File, Tab 1.

The appellant acknowledges the lateness of his filing by including a Motion to Accept Late Filing in his petition for review.  PFR File, Tab 1 at 5. The appellant has the burden of proof by a preponderance of the evidence that he timely filed his appeal or that good cause existed for the delay.  5 C.F.R. § 1201.56(b)(2)(i)(B).  Good cause for an untimely filing is "an elastic concept" that depends on the particular circumstances of each case.  *Alonzo v. Department of the Air Force*, 4 M.S.P.R. 180, 183-84 (1980).

The appellant claims that his former attorney did not notify him of the initial decision in a timely manner and that he did not become aware of it until after the filing deadline had passed.  PFR File, Tab 1 at 5.  In its response, the agency notes that the initial decision was emailed directly to the appellant in addition to his attorney.  PFR File, Tab 10 at 5 (citing ID at 41).  The appellant does not address this claim in his reply brief.  PFR File, Tab 11.

As an e-filer, the appellant was served electronically with a copy of the initial decision on June 2, 2025.  ID at 41-42.  Registration as an e-filer constitutes consent to accept electronic service of documents issued by the Board. 5 C.F.R. § 1201.14(e)(2).  When Board documents are issued, an email is sent to an e-filer at their email address of record, notifying them of the issuance and

providing them with a link to e-Appeal where the documents can be viewed and downloaded. 5 C.F.R. § 1201.14(e)(4), (i)(1). E-filers are responsible for monitoring case activity in e-Appeal to ensure that they have received all case-related documents. 5 C.F.R. § 1201.14(i)(3). Regardless of his former attorney's actions or inactions, the appellant, as an e-filer, is deemed to have received the initial decision on the date it was transmitted to him. *Palermo v. Department of the Nav*y, 120 M.S.P.R. 694, ¶ 3 (2014); 5 C.F.R. § 1201.14(*l*)(2). Therefore, we find that the appellant has not shown good cause for his untimely filing and deny his Motion to Accept Late Filing.

Accordingly, we dismiss the petition for review as untimely filed.[2] This is the final decision of the Merit Systems Protection Board regarding the timeliness of the petition for review. The initial decision remains the final decision of the Board regarding the appeal.

## NOTICE OF APPEAL RIGHTS[3]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their

---

[2] We need not resolve the jurisdictional questions related to the LCA because the petition for review is untimely, and the Board may assume an appeal is within its jurisdiction and dismiss for untimeliness when the record on the untimeliness issue shows no good cause for the untimely filing and a jurisdictional determination would not be in the interest of adjudicatory efficiency and fairness to the parties. *Vasquez v. U.S. Postal Service*, 65 M.S.P.R. 128, 131-32 (1994) (citing *Popham v. U.S. Postal* Service, 50 M.S.P.R. 193, 197-98 (1991)).

[3] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The

Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

(2) **Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file

with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**. This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[4]  The court of appeals must <u>receive</u> your

---

[4] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

petition for review within **60 days** of the <u>date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx


*Gina K. Grippando*

FOR THE BOARD:          _____
                        Gina K. Grippando
                        Clerk of the Board

Washington, D.C.